**DEBALCO ENTERPRISES, INC., d/b/a Colorado Skyways, Petitioner,**

v.

**THE INDUSTRIAL CLAIM APPEALS OFFICE of the State of Colorado and Michael S. Cresswell, Respondents.**

No. 01CA0113.

Colorado Court of Appeals,
Div. V.

Aug. 2, 2001.

Hanes & Schutz, P.C., Richard W. Hanes, Timothy J. Schutz, Colorado Springs, CO, for Petitioner.

Ken Salazar, Attorney General, Y.E. Scott, Assistant Attorney General, Denver, CO, for Respondent Industrial Claim Appeals Office.

No Appearance for Respondent Michael S. Cresswell.

Opinion by Judge ROTHENBERG.

In this unemployment benefits case, petitioner, Debalco Enterprises, Inc., d/b/a Colorado Skyways (Debalco), seeks review of a final order of the Industrial Claim Appeals Office (Panel). The Panel upheld a hearing officer's decision ruling that respondent, Michael S. Cresswell (claimant), was entitled to benefits attributable to his employment with Debalco pursuant to § 8–73–108(4)(a), C.R.S. 2000 (separation from employment by being laid off for lack of work). We affirm.

The relevant facts are undisputed. Claimant worked for Debalco from December 7, 1998, until February 1, 2000. Initially, he worked as a full-time flight instructor and then later was reduced to a part-time instructor. On January 20, 2000, claimant filed an initial claim for unemployment benefits.

On February 1, 2000, Debalco sold the Colorado Skyways business to another company. When the business was sold, there was no further work available for claimant with Debalco and claimant became separated

from his employment with Debalco. However, he worked part-time for the new company until he resigned, effective April 3, 2000.

Following a hearing in March 2000, the hearing officer ruled that because claimant was a regular part-time worker with Debalco and was not separated from such employment when he filed his claim, he was not entitled to benefits attributable to that employment based on those circumstances. The hearing officer concluded that claimant would not be entitled to benefits until he had become separated from Debalco.

Nevertheless, the hearing officer went on to remand the matter for further proceedings because it appeared that claimant *had since become separated* from Debalco and may have been entitled to benefits attributable to his employment with Debalco as a result of the February 2000 separation.

Claimant appealed, and in June 2000, the Panel affirmed the denial of benefits to claimant on his initial claim. As to the hearing officer's remand for further proceedings, the Panel concluded that:

> [A]s the hearing officer noted, the claimant may have subsequently become separated from employment with Debalco Enterprises when the Colorado Skyways business was sold in February 2000. That issue was not addressed in the initial deputy's decision, and the hearing officer properly remanded the matter for consideration of that issue.

Another hearing was held in August 2000, and the hearing officer found that claimant *was* entitled to benefits attributable to his employment with Debalco as a result of the February 2000 separation. The hearing officer concluded that: (1) claimant was not at fault for that separation from Debalco; (2) he was in effect laid off by Debalco due to a lack of work caused by the sale of the business; and (3) he was therefore entitled to benefits under § 8–73–108(4)(a) based on that separation.

Debalco appealed and the Panel affirmed.

## I.

■ Debalco first contends the hearing officer and the Panel lacked jurisdiction to adjudicate claimant's entitlement to benefits arising from the February 2000 separation because claimant did not file a claim as to that separation. In fact, that separation had not yet occurred when claimant filed his initial claim in January 2000. We conclude the hearing officer and the Panel had jurisdiction to adjudicate the issue.

■ In unemployment proceedings, the filing of a valid initial claim establishes a claimant's benefit year as well as the base period applicable to the claim. *See* §§ 8–70–103(2), 8–70–111(1), 8–70–112(1)(a), C.R.S.2000.

Section 8–70–111(2)(a), C.R.S.2000, defines a "valid initial claim" as "an application for the determination of benefit rights," provided, as relevant here, that the claimant has earned sufficient wage credits from base period employment. *See also* § 8–73–107(1)(e), C.R.S.2000.

■ Whether a claimant is entitled to unemployment benefits attributable to wages paid by a particular employer depends upon the reason for the separation from that employment. *See* § 8–73–108(1)(a), (4), (5)(e), C.R.S.2000; *Eckart v. Industrial Claim Appeals Office*, 775 P.2d 97 (Colo.App.1989). In determining a claimant's entitlement to benefits, "*all separations* from base period employers" must be considered. *See* § 8–73–108(3)(a)(I), C.R.S.2000 (emphasis added).

Under this statutory scheme, claimant filed a valid initial claim in January 2000 which required the adjudication of all entitlement issues involving separations from base period employers, including Debalco, regardless of when such separations occurred.

It is true the initial March 2000 adjudication was based on the circumstances that existed at the time the January 2000 claim was filed. However, contrary to Debalco's argument, the initial claim filed by claimant provided a proper basis for the adjudication of entitlement issues pertaining to claimant's February 2000 separation from the same employer.

We therefore conclude, as did the Panel, the hearing officer did not lack jurisdiction to remand the matter within the context of the same claim for determination of the reason

for claimant's later separation from Debalco. *See* § 8–74–107(6), C.R.S.2000.

## II.

Debalco next contends that, even though claimant was separated from employment with it because of the sale of the business in February 2000, he was nevertheless not unemployed. Therefore, according to Debalco, claimant was not entitled to benefits based on that separation. We disagree.

■ The applicable statutory scheme makes a distinction between entitlement issues and eligibility issues. Entitlement issues involve the reason for a claimant's separation from employment with a particular employer. *See* § 8–73–108, C.R.S.2000. In contrast, eligibility issues involve various other prerequisites to the receipt of unemployment benefits and are governed by different statutory provisions. For example, eligibility issues may include the sufficiency of earnings during a claimant's base period, or whether a claimant can show that he or she is actively seeking employment. *See* § 8–73–107, C.R.S.2000.

Because entitlement and eligibility issues are different and are determined in separate proceedings, the issues should not be intermingled. *See Velo v. Employment Solutions Personnel*, 988 P.2d 1139 (Colo.App.1998); *see also Arteaga v. Industrial Claim Appeals Office*, 781 P.2d 98 (Colo.App.1989).

■ Here, the hearing officer's decision was limited to an entitlement issue, namely, that claimant was entitled to benefits based on the reason for his separation from employment with Debalco. However, whether claimant continued working for the new company after the sale of Debalco's business, and the effect of any such employment on claimant's unemployment claim, are eligibility issues. *See* § 8–73–107(1)(f), C.R.S.2000.

Accordingly, the Panel did not err in concluding that the issue of eligibility was not before it in this proceeding. We similarly conclude the issue of claimant's eligibility is

not before us, and we are not determining the amount of claimant's benefits, if any. *See Velo v. Employment Solutions Personnel, supra.*

## III.

■ Debalco next asserts arguments regarding other statutory schemes. However, because these issues were not raised in the administrative proceedings, they were not preserved for our review, and we do not address them. *See Boselli Investments, L.L.C. v. Division of Employment*, 975 P.2d 204 (Colo.App.1999).

## IV.

Finally, Debalco contends that claimant was not entitled to benefits based on the reason for his separation from employment with Debalco. Again, we disagree.

■ It is undisputed that claimant was separated from his employment with Debalco on February 1, 2000, because the business was sold, and that there was no work available for him with Debalco after that date. The lack of continuing work available for claimant *with Debalco,* regardless of the underlying cause, supports the hearing officer's finding that claimant was entitled to benefits attributable to that employment under § 8–73–108(4)(a). Hence, we may not disturb the Panel's ruling upholding that determination. *See* § 8–74–107(6).

In view of our disposition of these issues, we need not address the parties' remaining contentions.

Order affirmed.

NIETO and PIERCE,* JJ., concur.

---

* Sitting by assignment of the Chief Justice under the provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.2000.