**Susan B. McCLAFLIN, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE of Colorado and DIVISION OF EMPLOYMENT, Customer Service/Benefits, Respondents.**

No. 05CA0057.

Colorado Court of Appeals, Div. III.

Oct. 6, 2005.

Certiorari Granted Jan. 23, 2006.

Steven U. Mullens, P.C., Steven U. Mullens, Colorado Springs, Colorado, for Petitioner.

John W. Suthers, Attorney General, Laurie Rottersman, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

No Appearance for Respondent Division of Employment.

HAWTHORNE, J.

Petitioner, Susan B. McClaflin (claimant), seeks review of a final order of the Industrial Claim Appeals Office (Panel) affirming a hearing officer's decision determining that claimant was ineligible to receive unemployment benefits. We affirm.

A deputy determined that claimant was ineligible to receive benefits during the applicable period because she was not actively seeking work as required under the statutory scheme. *See* § 8–73–107(1)(g)(I), C.R.S. 2005. Claimant appealed, and the matter proceeded to a hearing.

The hearing officer found that claimant, a long-time employee of King Soopers (employer), was diagnosed with carpal tunnel syndrome and was placed on leave, during which she had surgery to correct her condition.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2005.

He found that when claimant was eventually released to work, employer did not provide claimant with any work hours.

The hearing officer further found that claimant then filed a claim for unemployment benefits but did not attempt to seek other work, in part because her union agreement prohibited her from seeking or accepting other employment. He found that seeking other work could have jeopardized claimant's "disability" (that is, workers' compensation) claim. Nevertheless, the hearing officer found that, after filing her claim for unemployment benefits, claimant, by her own admission, did not contact any other employers and did not make an active search for work. After concluding that the work search eligibility requirement was clear and unambiguous, the hearing officer determined that claimant was ineligible to receive benefits.

Claimant appealed the hearing officer's decision, and the Panel affirmed. The Panel concluded that the evidence clearly established claimant did not seek work as required under the statutory scheme. The Panel also concluded that claimant had failed to demonstrate she should be exempt from the work search eligibility requirement because of her circumstances.

On appeal, claimant contends that the Panel erred in affirming the hearing officer's decision that she was ineligible to receive benefits. We disagree.

I.

■ Claimant first argues that she actually satisfied the work-seeking requirement because she sought work from employer. However, claimant failed to raise this argument to the Panel. Instead, claimant argued that she should be excused from the work-seeking requirement because of the potential consequences to her employment status and her workers' compensation claim. Indeed, in her brief to the Panel, claimant essentially admitted that she did not comply with the work-seeking requirement and that she "effectively elected the lesser of two evils" when she did not actively seek work with another employer.

Under these circumstances, we decline to consider this argument. *See Hart v. Indus. Claim Appeals Office*, 914 P.2d 406 (Colo. App.1995) (appellate court declined to consider issue because claimant failed to raise it before the Panel and, therefore, failed to preserve it for review).

II.

■ Claimant also contends that the hearing officer and the Panel should have excused her failure to satisfy the work-seeking requirement because application of that requirement is inequitable under the circumstances. We perceive no error.

An unemployed individual is eligible to receive benefits with respect to any week only if the Division finds that the individual "is actively seeking work." *See* § 8–73–107(1)(g)(I). Department of Labor & Employment Regulation 2.8.4 provides that a claimant must make reasonable and diligent efforts actively to seek suitable work unless otherwise relieved of this requirement by virtue of (1) participation in approved job training, (2) job attachment, or (3) limited job opportunities pursuant to statute or regulation. Fulfillment of this obligation is a prerequisite to receiving unemployment compensation benefits. *See Arteaga v. Indus. Claim Appeals Office*, 781 P.2d 98 (Colo.App.1989).

Here, claimant has failed to demonstrate that any of the three possible bases for relief from the work-seeking requirement was satisfied. Claimant clearly is not participating in a job training program. Nor has she demonstrated, or even claimed, that she is "job attached" as defined by Department of Labor & Employment Regulation 2.8.2. Indeed, in an earlier decision in this case, a hearing officer specifically determined that claimant was not job attached. Finally, claimant is not faced with "limited job opportunities," which the regulations specifically limit to circumstances in which a search for work would be fruitless "due to economic conditions within the labor-market area." *See* Dep't of Labor & Employment Reg. 2.8.4.5.

Claimant's reliance on § 8–3–103, C.R.S. 2005, is unavailing. The portion of that stat-

ute cited by claimant merely provides that nothing in the Colorado Labor Peace Act shall be construed to deprive an employee of unemployment benefits he or she "might otherwise be entitled to receive under any other laws of the state of Colorado." Claimant fails to explain how that language would render her eligible to receive unemployment benefits when she is otherwise ineligible under the state statutory scheme.

Claimant further cites to § 8–73–108(1)(a), C.R.S.2005, which sets forth the overarching principle that unemployment insurance is for the benefit of persons who become unemployed through no fault of their own. However, this statute addresses entitlement rather than eligibility. See *Arteaga v. Indus. Claim Appeals Office,* supra. Indeed, it specifies that "each *eligible individual* who is unemployed through no fault of his own shall be entitled to receive a full award of benefits" (emphasis added). Once again, here claimant failed to establish that she was eligible to receive benefits.

Claimant's reliance on § 8–40–102(1), C.R.S.2005, is equally unpersuasive. That subsection merely expresses the General Assembly's intent regarding the interpretation of Colorado's workers' compensation statutes. It does not discuss unemployment benefits much less authorize the modification or relaxation of eligibility requirements for receiving such benefits.

In sum, claimant has failed to demonstrate that the hearing officer or the Panel erred in declining to excuse her from the statutory eligibility requirement of actively seeking work. While claimant was certainly free, based upon her circumstances, to refuse to seek work from other potential employers, we are not persuaded that the unemployment fund should bear the expense of that refusal. See *Bayly Mfg. Co. v. Dep't of Employment,* 155 Colo. 433, 395 P.2d 216 (1964) (citing *Hallahan v. Riley,* 94 N.H. 48, 45 A.2d 886 (1946); unemployment statute was not designed to finance apparently hopeless quest for claimant's old job or job paying equal wages, and although claimant may continue to refuse lower paying jobs, she must do so

at her own expense rather than that of the unemployment fund).

The order is affirmed.

Judge GRAHAM concurs.

Judge MARQUEZ dissents.

Judge MARQUEZ dissenting.

Because I believe that the Industrial Claim Appeals Office (Panel) interprets the statute too narrowly, I respectfully dissent.

Section 8–73–107(1)(g)(I), C.R.S.2005, provides in pertinent part that any unemployed individual shall be able to receive benefits with respect to any week only if the Division finds that:

He or she is actively seeking work. In determining whether the claimant is actively seeking work, the division, taking notice of the customary methods of obtaining work and the claimant's usual occupation, or any occupation for which he or she is reasonably qualified, and the current condition of the labor market, shall consider, *but shall not be limited to* a consideration of, whether, during said week, the claimant followed a course of action that was reasonably designed to result in his or her prompt reemployment in suitable work.

(Emphasis added.)

Here, in disallowing benefits, the hearing officer found that claimant established a valid claim for unemployment insurance benefits on April 14, 2003, having an effective date of March 23, 2003. In addition to finding that claimant did not contact any employers in her attempt to comply with the Division's requirement, the hearing officer found that claimant repeatedly attempted to obtain work through her employer, but was unsuccessful in her attempts, and that the employer was unwilling to provide any hours of work for claimant. The hearing officer also found that claimant did not seek other employment, "as her union agreement prohibited the claimant from seeking or accepting employment": "Had the claimant sought other work, the claimant would have been terminated from her employment with this employer. In addition, by seeking or accepting

other employment, the claimant could have jeopardized her disability claim."

The hearing officer characterized claimant's argument as seeking to be exempted from making an active work search and ultimately determined that the Colorado Employment Security Act, as well as the regulations, is clear and unambiguous in its requirements. According to the hearing officer, to be eligible to receive unemployment benefits, a person must make an active search for work; claimant had not done so and thus had not satisfied the requirements of the Act.

The Panel determined that the hearing officer's factual findings were not contrary to the weight of evidence in the record and did not alter them. In affirming the hearing officer's decision, the Panel determined that claimant essentially conceded she was not actively seeking work as required by § 8–73–107(1)(g)(I), and the hearing officer therefore could properly conclude she was not eligible to receive unemployment benefits.

The proper construction of a statute is a question of law that we review de novo. *Anderson v. Longmont Toyota, Inc.*, 102 P.3d 323 (Colo.2004). In construing statutes, the primary duty of an appellate court is to give full effect to the intent of the General Assembly. Thus, we apply the plain and ordinary meaning of the statute. We read the statute as a whole and, if possible, construe its terms harmoniously. We presume that the General Assembly intended a just and reasonable result. *Anderson v. Longmont Toyota, Inc., supra.*

Here, the Panel, like the hearing officer, denied benefits because claimant was not seeking employment with other employers. Nothing in § 8–73–107(1)(g)(I) requires such a search in every case. Rather, the statute states that in determining whether the claimant is actively seeking work, the Division shall consider, "but shall not be limited to" a consideration of, whether the claimant followed a course of action which was reasonably designed to result in her prompt reemployment in suitable work.

While the majority states claimant argued she should be excused from the requirement of seeking work, the record reflects claimant argued that she was prohibited from seeking work with any other employer because of the union contract. In her brief before the Panel, she argued that she was prohibited by the labor management agreement between King Soopers and her union from looking for work outside of King Soopers.

The concept of "actively seeking work" is incapable of precise definition, and it is for the appropriate agency to make such a determination after considering all the facts and circumstances in each particular case. *Bayly Mfg. Co. v. Dep't of Employment,* 155 Colo. 433, 395 P.2d 216 (1964); *see Denver Post, Inc. v. Dep't of Labor & Employment,* 199 Colo. 466, 610 P.2d 1075 (1980).

The record here reflects uncontested testimony by claimant that she was subject to a negotiated labor agreement; that she was restricted from looking for work elsewhere; that she had worked for King Soopers for thirty years; and that if she looked for work elsewhere, according to the agreement King Soopers would terminate her.

In my view, the language of the statute, "but shall not be limited to," indicates that the phrase "actively seeking work" does not require in every case that a claimant apply to other possible employers.