2017 CO 4

**The PEOPLE of the State of Colorado, Petitioner,**

v.

**Alexander L. WOLF, Respondent.**

**Supreme Court Case No. 15SC742**

Supreme Court of Colorado.

January 17, 2017

Attorneys for Petitioner: Cynthia H. Coffman, Attorney General, Kevin E. McReynolds, Assistant Attorney General, Denver, Colorado

No appearance by or on behalf of Alexander L. Wolf.

CHIEF JUSTICE RICE delivered the Opinion of the Court.

¶1 This case requires us to determine if Amendment 64 to the Colorado Constitution, which legalized possession of small amounts of marijuana, deprived the State of the power to continue to prosecute individuals for possession of less than one ounce of marijuana after the Amendment became effective. In light of our holding today in People v. Boyd, 2017 CO 2, 387 P.3d 755, we hold that it did.

## I. Facts and Procedural History

¶2 In September 2012, the police arrested Respondent Alexander Wolf after a search of his car found various narcotics, including less than one ounce of marijuana. In October 2012, Wolf was charged with possession of less than two ounces of marijuana,[1] possession of cocaine, possession of dihydrocodeinone, and possession of drug paraphernalia. On December 10, 2012, before Wolf's case was submitted to a jury, Amendment 64—a Colorado citizen initiative that legalized the possession of up to one ounce of marijuana for personal use—became effective. See Colo. Const. art. XVIII, § 16(3)(a). Subsequently, in July 2013, a jury found Wolf guilty of possessing cocaine, dihydrocodeinone, drug paraphernalia, and less than two ounces of marijuana.[2] In October 2013, the trial court sentenced him to twenty-one days in jail and two years of probation. Wolf filed a timely notice of appeal. On appeal, Wolf argued that his conviction for possessing what ultimately was less than one ounce of marijuana should be vacated because Amendment 64 legalized possession of less than one ounce of marijuana before he had been convicted. The court of appeals in a split decision agreed and vacated his marijuana possession conviction and sentence. People v. Wolf, No. 13CA2110, slip op. at 19, 2015 WL 4573017 (Colo. App. July 30, 2015). Judge Dailey dissented in relevant part. Id. at 21. (Dailey, J. concurring in part, dissenting in part). We granted certiorari.[3]

## II. Standard of Review

¶3 The proper interpretation of a constitutional amendment is a question of law that we review de novo. Danielson v. Dennis, 139 P.3d 688, 691 (Colo. 2006).

## III. Analysis

¶4 This case asks us to resolve whether Amendment 64 deprived the State of the

---

1. At that time, section 18-18-406(1), C.R.S. (2012), provided: "A person who possesses two ounces or less of marijuana commits a class 2 petty offense...." There was no separate statute for possession of less than one ounce of marijuana, and the amount of marijuana at issue in this case is less than one ounce.

2. The court of appeals affirmed Wolf's conviction for possession of cocaine, dihydrocodeinone, and drug paraphernalia. As a result, these convictions are irrelevant to the issue on certiorari.

3. Specifically, we granted certiorari to review the following issue:

   Whether the court of appeals erred in holding Amendment 64 applies retroactively.

   This question fundamentally asks us to address the effect of Amendment 64 on convictions derived from verdicts handed down after Amendment 64 became effective. We do not find it necessary to address the effect of Amendment 64 on convictions finalized before Amendment 64 became effective.

power to continue to prosecute individuals for possession of less than one ounce of marijuana after the Amendment became effective. We addressed a nearly identical issue in People v. Boyd, also decided today. 2017 CO 2, 387 P.3d 755. In Boyd, the defendant, Pamela Boyd, had been convicted of possession of what ultimately was less than one ounce of marijuana. ¶ 2. The State originally derived its authority to prosecute her from section 18-18-406(1), C.R.S. (2011), which provided that possession of two or fewer ounces of marijuana was a class 2 petty offense. Boyd, ¶ 6. However, before Boyd's right to appeal had expired, Amendment 64 became effective and rendered inoperative the relevant language of this statute because it legalized what the statute had prohibited. Id. at ¶ 9.[4] Therefore, we held in Boyd that Amendment 64 deprived the State of the power to continue to prosecute Boyd under the statute during her appeal. Id.

¶5 Similarly here, Wolf was charged under section 18-18-406(1), C.R.S. (2012).[5] Again, Amendment 64 rendered this section inoperative insofar as this section criminalized possession of less than one ounce of marijuana. See Boyd, ¶ 9. Thus, once Amendment 64 became effective, the State no longer had authority to prosecute Wolf under this section at his jury trial. Cf. id.

### IV. Conclusion

¶6 We conclude that Amendment 64 deprived the State of the power to continue to prosecute individuals for possession of less than one ounce of marijuana after the Amendment became effective. Accordingly, we affirm the judgment of the court of appeals.

JUSTICE EID dissents, and JUSTICE COATS and JUSTICE HOOD join in the dissent.

JUSTICE EID, dissenting.

¶7 Because I disagree with the majority's holding that Amendment 64 is retroactive, I respectfully dissent from its opinion for the

reasons set forth in my dissent in People v. Boyd, 2017 CO 2, 387 P.3d 755.

I am authorized to state that JUSTICE COATS and JUSTICE HOOD join in this dissent.

---

4. After Amendment 64 became effective, Boyd timely filed her appeal. Boyd, ¶ 2.

5. As relevant here, this statute was identical to section 18-18-406(1), C.R.S. (2011).