2017 CO 2

**The PEOPLE of the State of Colorado, Petitioner,**

v.

**Pamela Kathleen BOYD, Respondent.**

**Supreme Court Case No. 15SC752**

Supreme Court of Colorado.

January 17, 2017

---

Attorneys for Petitioner: Cynthia H. Coffman, Attorney General, Kevin E. McReynolds, Assistant Attorney General, Denver, Colorado

Attorneys for Respondent: Douglas K. Wilson, Public Defender, Sean James Lacefield, Deputy Public Defender, Denver, Colorado

CHIEF JUSTICE RICE delivered the Opinion of the Court.

¶1 This case requires us to determine if Amendment 64 to the Colorado Constitution, which legalized possession of small amounts of marijuana, deprived the State of the power to continue to prosecute cases where there was a nonfinal conviction for possession of less than one ounce of marijuana and where there was a pending right to appeal (subsequently exercised by filing a timely notice of appeal) at the time the Amendment became effective. We hold that it did.

## I. Facts and Procedural History

¶2 On October 27, 2011, the police arrested Respondent Pamela Boyd after she and her boyfriend sold marijuana to an undercover officer. Boyd admitted to possessing small amounts of marijuana for personal use, but denied any involvement in distribution. The total marijuana collected from Boyd weighed less than one ounce. On August 8, 2012, a jury found Boyd guilty of both attempt to distribute marijuana and possession of marijuana. The trial court sentenced Boyd on November 14, 2012. Then on December 10, 2012, Amendment 64—a Colorado citizen initiative that legalized the possession of up to one ounce of marijuana for personal use—became effective. See Colo. Const. art. XVII, § 16(3)(a). On December 21, 2012, Boyd filed a timely notice of appeal. On appeal, Boyd argued that because the Amendment legalized possession of less than one ounce of marijuana while she still had a pending right to appeal, her conviction for possession of less than one ounce of marijuana should be vacated. The court of appeals in a split decision agreed and reversed her possession conviction. People v. Boyd, 2015 COA 109, ¶ 46, —— P.3d ——. Judge Bernard dissented. Id. at ¶ 49. We granted certiorari.[1]

## II. Standard of Review

¶3 The proper interpretation of a constitutional amendment is a question of law

---

1. Specifically, we granted certiorari to review the following issue:
 Whether the court of appeals erred in holding Amendment 64 applies retroactively.
 This question fundamentally asks us to address the effect of Amendment 64 on nonfinal convictions that had a pending right to appeal when Amendment 64 became effective. We do not find it necessary to address the effect of Amendment 64 on final convictions.

that we review de novo. <u>Danielson v. Dennis</u>, 139 P.3d 688, 691 (Colo. 2006).

### III. Analysis

¶4 Amendment 64 legalized the possession of less than one ounce of marijuana.[2] Colo. Const. art. XVIII, § 16(3)(a). Specifically, it provides: "Notwithstanding any other provision of law, the following act[ ] [is] not unlawful and shall not be an offense under Colorado law or the law of any locality within Colorado ... for persons twenty-one years of age or older: ... [p]ossessing ... one ounce or less of marijuana." <u>Id.</u> The Amendment supersedes laws that had previously criminalized possession of one ounce or less of marijuana. <u>See</u> <u>id.</u> at § 16(8) ("[E]xcept where otherwise indicated in the text, [all provisions of this section] shall <u>supersede</u> conflicting state statutory, local charter, ordinance, or resolution, and other state and local provisions."(emphasis added)).

 ¶5 This case presents an opportunity to resolve whether Amendment 64 deprived the State of the power to continue to prosecute cases where there was a nonfinal conviction for possession of less than one ounce of marijuana with a pending right to appeal when Amendment 64 became effective. To resolve this, we examine the State's authority to continue prosecuting a criminal defendant on appeal after a Colorado constitutional amendment superseded the underlying authority for the prosecution.

¶6 The State originally derived its authority to prosecute Boyd from section 18–18–406(1), C.R.S. (2011), which provided that possession of two ounces or less of marijuana was a class 2 petty offense. But Amendment 64 made plain that possession of one ounce or less of marijuana is not unlawful. Thus, when Amendment 64 became effective, it superseded section 18–18–406(1) to the extent that this section had criminalized possession of one ounce or less of marijuana. Therefore, because it was undisputed that Boyd possessed less than one ounce of marijuana, once Amendment 64 became effective the State no

longer had the authority under this section to prosecute Boyd on appeal.

¶7 The United States Supreme Court addressed a similar issue in <u>United States v. Chambers</u>, 291 U.S. 217, 54 S.Ct. 434, 78 L.Ed. 763 (1934). In <u>Chambers</u>, the two petitioners, Chambers and Gibson, were indicted on June 5, 1933, for "conspiring to violate the National Prohibition Act, and for possessing and transporting intoxicating liquor contrary to that act." <u>Id.</u> at 221, 54 S.Ct. 434. Chambers pleaded guilty, but Gibson set his case for trial. <u>Id.</u> On December 5, 1933, the Twenty-First Amendment was ratified, repealing the Eighteenth Amendment and rendering the National Prohibition Act inoperative. <u>Id.</u> at 222, 54 S.Ct. 434. The next day, Chambers and Gibson sought relief "upon the ground that the repeal of the Eighteenth Amendment of the Federal Constitution deprived the court of jurisdiction to entertain further proceedings under the indictment." <u>Id.</u> The district court granted their requests, and the Supreme Court affirmed. The Supreme Court explained, "Upon the ratification of the Twenty-First Amendment, the Eighteenth Amendment at once became inoperative. Neither the Congress nor the courts could give it continued vitality." <u>Id.</u>

¶8 The Supreme Court held that this result was necessary even though the petitioners' offenses were alleged to have occurred while the National Prohibition Act was in effect. <u>Id.</u> at 223, 54 S.Ct. 434. "The continued prosecution depended upon the continued life of the statute which the prosecution seeks to apply. In case a statute is repealed <u>or rendered inoperative</u>, no further proceedings can be had to enforce it in pending prosecutions." <u>Id.</u> (emphasis added). The Court clarified that pending prosecutions included "proceedings on appeal, continued or begun after the ratification of the Twenty-First Amendment." <u>Id.</u> at 226, 54 S.Ct. 434.

¶9 Here too, the State seeks to extend its authority to prosecute Boyd despite the fact that Amendment 64 superseded section 18–18–406(1). <u>See</u> Colo. Const. art. XVIII, § 16(8). Like the Twenty-First Amendment,

---

**2.** Amendment 64 also legalized various other types of marijuana possessions, none of which is

relevant here.

which, upon ratification, repealed the government's authority to prosecute Chambers and Gibson, Amendment 64, upon its effective date, nullified the State's authority to continue to prosecute Boyd on appeal. Specifically, Amendment 64 rendered inoperative the pertinent language of section 18–18–406(1) because it legalized what the statute had prohibited. Therefore, we hold that Amendment 64, upon its effective date, left the State without authority to continue to prosecute Boyd during her appeal.

### IV. Conclusion

¶10 We conclude that Amendment 64 deprived the State of its power to continue to prosecute cases where there was a nonfinal conviction for possession of less than one ounce of marijuana and where there was a pending right to appeal (subsequently exercised by filing a timely notice of appeal) at the time the Amendment became effective. Accordingly, we affirm the judgment of the court of appeals.

JUSTICE EID dissents, and JUSTICE COATS and JUSTICE HOOD join in the dissent.

JUSTICE EID, dissenting.

¶11 Today the majority holds that Amendment 64 retroactively reaches back to remove the People's ability to prosecute acts that were illegal at the time they were committed. The majority carefully avoids using the term "retroactive" (except when it cannot, as in the certiorari question upon which this court granted, see maj. op. ¶ 2, n.1). Such avoidance, however, cannot obscure the import of its ruling—namely, that criminal acts committed prior to Amendment 64's effective date will go unprosecuted and unpunished. Yet the plain language of Amendment 64 provides that it "shall become effective upon official declaration of the vote hereon by proclamation of the governor"—which, in this case, occurred on December 10, 2012. The

criminal acts at issue in the cases before this court today occurred before that date, and thus were illegal at the time they were committed.[1] Because nothing in Amendment 64 suggests that it retroactively removes the People's authority to prosecute individuals for such illegal activity, I respectfully dissent.

¶12 Amendment 64 declares that, "[n]otwithstanding any other provision of law," the possession, use, display, purchase, or transport of one ounce or less of marijuana "are not unlawful and shall not be an offense under Colorado law ... for persons twenty-one years of age or older." Colo. Const. art. XVIII, § 16(3)(a) (emphasis added). As made clear by its language, Amendment 64 is written in the present tense. See Jackson v. State, 966 P.2d 1046, 1052 (Colo. 1998) (finding amendment applied prospectively on the ground that "shall" generally refers to the future). Nothing in the Amendment suggests that offenses committed prior to the Amendment are somehow deemed non-offenses or non-prosecutable. On the contrary, the "notwithstanding" clause is an express recognition that prior to Amendment 64, such activity was illegal.

¶13 This understanding is confirmed by section 16(9) of the measure, which provides: "**Effective date:** ... [A]ll provisions of this section shall become effective upon official declaration of the vote hereon by proclamation of the governor, pursuant to section 1(4) of article V." Colo. Const. art. XVIII, § 16(9). Section 1(4) in turn provides that measures initiated by the people "shall take effect from and after the date of the official declaration of the vote thereon by proclamation of the governor...." Colo. Const. art. V, § 1(4) (emphasis added). The governor's proclamation in this case occurred on December 10, 2012. In sum, Amendment 64 declares that from and after December 10, 2012, possession of one ounce or less of marijuana is legal. It does nothing to change the illegal status of marijuana possession prior to that

---

1. In this case, respondent Pamela Kathleen Boyd was convicted on August 8, 2012, based on a criminal act that occurred on October 27, 2011. In Russell v. People, 2017 CO 3, 387 P.3d 750, petitioner/cross-respondent Brandi Jessica Russell was convicted on June 24, 2011, based on a criminal act that occurred on March 24, 2010. In People v. Wolf, 2017 CO 4, 387 P.3d 753, respondent Alexander L. Wolf was convicted on July 31, 2013, based on a criminal act that occurred on September 25, 2012.

date, and in fact expressly recognizes that such conduct was illegal prior to that date.

¶14 Our task is to determine what the voters intended in passing Amendment 64. When interpreting a constitutional amendment, "our goal is to determine and give effect to the will of the people in adopting the measure." Huber v. Colo. Mining Ass'n, 264 P.3d 884, 889 (Colo. 2011). Indeed, "[u]nless the terms of a constitutional amendment clearly show the intent that it be applied retroactively, we presume the amendment has prospective application only." Id. (citing Jackson, 966 P.2d at 1052). Here, there is no indication whatsoever that the voters intended the Amendment to apply retroactively, much less language "clearly show[ing]" an intent that it do so. On the contrary, the will of the people, as adjudged by the language they adopted, manifests an intent that the legalization of marijuana possession apply prospectively only.

¶15 The defendants in the cases before this court today each committed acts that were illegal at the time they were committed.[2] The defendants are therefore subject to prosecution for those acts. See § 18–1–201(1)(a), C.R.S. (2016) ("A person is subject to prosecution in this state for an offense which he commits ... if [t]he conduct constitutes an offense and is committed either wholly or partly within the state."); see also § 16–2.5–132, C.R.S. (2016) (a district attorney's authority "shall include the enforcement of all laws of the state of Colorado"); People v. District Court, 632 P.2d 1022, 1024 (Colo. 1981) (a prosecutor has the "duty to prosecute persons for violations of the criminal laws" and "has a broad discretion in the performance of [his or her] duties"). Because marijuana possession "constitute[d] an of-

fense" prior to the effective date of Amendment 64, the defendants are properly subject to prosecution for that offense.

¶16 The majority concludes otherwise, holding that Amendment 64 somehow deprived prosecutors of the ability to prosecute previously illegal conduct as of December 10, 2012.[3] The majority reasons that because Amendment 64 made possession of one ounce or less of marijuana legal, and superseded that portion of section 18–18–406(1)[4] that made such possession illegal, "once Amendment 64 became effective the State no longer had the authority under [the provision making possession illegal] to prosecute Boyd on appeal." Maj. op. ¶ 6. For this argument, the majority relies exclusively on United States v. Chambers, 291 U.S. 217, 54 S.Ct. 434, 78 L.Ed. 763 (1934), which dealt with the repeal of Prohibition and the Eighteenth Amendment to the U.S. Constitution. There, the Supreme Court held that "[i]n case a statute is repealed or rendered inoperative, no further proceedings can be had to enforce it in pending prosecutions unless competent authority has kept the statute alive for that purpose." Chambers, 291 U.S. at 223, 54 S.Ct. 434 (emphasis added). Importantly, the majority in this case cuts off the underlined portion of the sentence in its opinion. Maj. op. ¶ 8. But this is its critical error, as Amendment 64 is itself the "competent authority" that has kept existing law "alive."

¶17 In Chambers, the Court noted that "[u]pon the ratification of the Twenty-First Amendment the Eighteenth Amendment at once become inoperative," and Congress had no authority "to extend the operation of those provisions." Id. at 222, 224, 54 S.Ct. 434 (emphasis added). By contrast, the provisions

---

2. See supra n.1.

3. Interestingly, the majority does not even mention the rationale proffered by the court of appeals—namely, that a court must give retroactive effect to legislation that mitigates the penalty for a crime under People v. Thomas, 185 Colo. 395, 525 P.2d 1136 (1974). See People v. Boyd, 2014 COA 109, ¶ 19, 383 P.3d 44; People v. Russell, 2014 COA 21M, ¶ 12, —— P.3d ——; People v. Wolf, No. 13CA2110 slip. op. at 15–19, 2015 WL 4573017 (Colo. App. July 30, 2015). Apparently it finds that rationale unconvincing, as do I. As pointed out by the dissenting judges in Boyd and

Wolf, to the extent that Thomas has continuing validity, it has no application in the constitutional amendment context, where the court's duty is to interpret the intent of the voters adopting the measure through examination of its language, which in this case reveals no retroactive intent. Boyd, 2015 COA 109, ¶¶ 97–98, —— P.3d —— (Bernard, J., dissenting); Wolf, slip. op. at 25 (Dailey, J., dissenting).

4. Section 18–18–406(1), C.R.S. (2011), made illegal the possession of two ounces or less of marijuana as a class 2 petty offense.

of Amendment 64, by their own terms, did not go into effect until December 10, 2012. The Amendment expressly preserved the illegality—and hence the prosecutability—of marijuana possession past the date of its adoption.

¶18 The fundamental problem with the majority opinion is that it gives little meaning to the effective date language contained in Amendment 64. It would make no sense for the Amendment to recognize the continued illegality, and hence prosecutability, of marijuana possession up to December 10, 2012, but then somehow remove that authority once the Amendment became effective, as the majority seems to suggest. Indeed, in two of the three cases before the court today (in this case and Russell v. People, 2017 CO 3, 387 P.3d 750, the majority retroactively voids convictions for marijuana possession that occurred prior to December 10, 2012.[5] And although the majority takes an assiduous pass on the effect of its ruling on post-conviction matters, see maj. op. ¶ 2, n.1, its rationale—namely, that prosecutors had no authority to prosecute marijuana possession crimes after December 10, 2012—would apply equally to vacate all marijuana possession convictions, not just those still pending on direct review. Neither the language of

Amendment 64, nor a citation to the inapposite Chambers case, can carry such enormous weight.

¶19 In the end, our task is to "assess[ ] the intent of the voters" by "look[ing] to the language of the text. . . ." Bruce v. City of Colo. Springs, 129 P.3d 988, 992 (Colo. 2006). Here, we must assess the intent of the voters who approved Amendment 64—not those who approved the Twenty-First Amendment to the U.S. Constitution as in Chambers, or any other measure for that matter. Because the text of Amendment 64 expressly recognizes the continuing illegality of marijuana possession through December 10, 2012, and hence the authority to prosecute such possession, I would reverse the court of appeals' decision vacating Boyd's conviction.

I am authorized to state that JUSTICE COATS and JUSTICE HOOD join in this dissent.

---

5. See supra n.1.