PER CURIAM:
Denied. Relator does not identify an illegal term in his sentence, and therefore his filing is properly construed as an application for post-conviction relief. See State v. Parker , 98-0256 (La. 5/8/98), 711 So.2d 694. As such, it is subject to the time limitation set forth in La.C.Cr.P. art. 930.8. Relator's application was not timely filed in the district court, and he fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8 ; State ex rel. Glover v. State , 93-2330 (La. 9/5/95), 660 So.2d 1189. In addition, relator's sentencing claim is not cognizable on collateral review. La.C.Cr.P. art. 930.3 ; State ex rel. Melinie v. State , 93-1380 (La. 1/12/96), 665 So.2d 1172 ; see also State v. Cotton , 09-2397 (La. 10/15/10), 45 So.3d 1030. We attach hereto and make a part hereof the district court's written reasons denying relief.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.
JOHNSON, C.J., would grant the writ application and assigns reasons
I would grant defendant's writ application, finding his 13-year sentence on a possession of marijuana charge excessive.
In 2010, defendant entered an Alford plea to one count of possession of marijuana. The district court sentenced defendant to 5 years imprisonment at hard labor. Following habitual offender proceedings, the district court adjudicated defendant as a fourth-felony habitual offender, vacated the 5-year sentence, and resentenced defendant to 20 years imprisonment at hard labor, without the benefit of probation, parole, or suspension of sentence. The court of appeal affirmed the defendant's conviction but vacated the fourth offender adjudication and sentence and remanded the case to the district court. Defendant was then adjudicated as a third-felony offender, and resentenced to 13 years imprisonment at hard labor.
In 2016, the district court denied defendant's motion to correct an illegal sentence. The court of appeal then denied writs, finding no error in the district court's ruling. The majority of this Court now denies defendant's writ application.
In this case, the district court sentenced defendant as a habitual offender after his *510 most recent charge of possession of marijuana and sentenced defendant to a 13-year sentence. In light of the new nationwide perspective of marijuana, where eight states have currently legalized personal use[1] and several apply these laws retroactively,[2] I find this sentence to be excessive. Louisiana law provides that a sentence is unconstitutionally excessive when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering.[3]
To be clear, I embrace the notion that drug treatment should be the primary tool used to solve addictions. I have long advocated for reform in our criminal justice system and have actively participated in the Louisiana Justice Reinvestment Task Force, which successfully passed ten bills designed to reduce penalties for drug offenses and other non-violent offenses, while investing in substance abuse treatment and counseling programs.[4] Equal protection requires that we change our approach in handling addictions. We must not continue our pattern of relegating one group of drug users to prison, while providing medical assistance for other drug abusers. See La. R.S. 14:403.10, which provides medical assistance for those who overdose on opioids and grants them immunity from prosecution.
For these reasons, I find the district court erred and defendant's sentence should be set aside.
Justice Hughes would grant for the reasons assigned by Chief Justice Johnson.

Governing the States and Localities, State Marijuana Laws in 2018 Map , http://www.governing.com/gov-data/state-marijuana-laws-map-medical-recreational.html

Cal. Health & Safety Code § 11361.8 -Recall or dismissal of sentence (in pertinent part) (a) A person currently serving a sentence for a conviction, whether by trial or by open or negotiated plea, who would not have been guilty of an offense, or who would have been guilty of a lesser offense under the Control, Regulate and Tax Adult Use of Marijuana Act had that act been in effect at the time of the offense may petition for a recall or dismissal of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing or dismissal ...
See People v. Russell , 396 P.3d 71 (Colo. App.2014), as modified on denial of reh'g (May 8, 2014), aff'd , 387 P.3d 750 (Colo.2017) (Amendment 64, which decriminalized the possession of marijuana for personal use, is to be applied retroactively as it represents a significant change in the law)

See State v. Bonanno , 384 So.2d 355, 357 (La. 1980).

Louisiana Justice Reinvestment Package Summary , Department of Corrections Website, http://www.doc.la.gov/justice-reinvestment-task-force (last visited November 13, 2017).