25CA0772 Locker v ICAO 09-04-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0772
Industrial Claim Appeals Office of the State of Colorado
DD No. 3350-2025

---

Jamil Locker,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado,

Respondent.

---

ORDER AFFIRMED

Division A
Opinion by JUDGE TAUBMAN*
Román, C.J., and Graham*, J., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 4, 2025

---

Jamil Locker, Pro Se

No Appearance for Respondent


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    In this unemployment compensation benefits case, claimant, Jamil Locker, appeals a determination that he was not eligible for benefits.  We affirm.

## I.    Background

¶ 2    Locker filed for unemployment compensation benefits after separating from his employer.  In December 2024, a deputy for the Division of Unemployment Insurance determined that Locker was not eligible for benefits under section 8-73-107(1)(c)(I), C.R.S. 2025.  That section provides that individuals are eligible to receive benefits only if they are able to work and available for all suitable work.

¶ 3    Locker requested a hearing, asserting that he was unable to work because he was injured on the job.  At the hearing, Locker testified that he reported a hernia and right hip strain to his employer on August 10, 2024, and, consequently, was unable to continue working.  He described his position as a traffic control supervisor responsible for blocking off streets, putting up signs, and setting up cones.  He filed a worker's compensation claim, but testified that the claim was denied.  (The record does not indicate whether Locker appealed that denial.)

¶ 4     The hearing officer asked Locker whether he had gotten any better since August, or done any work with any employer, and Locker replied, "No." Locker testified that he could only do "light duty" work and that nobody wanted to hire "somebody who can only do light duty." When asked if he had sought work in other fields, Locker responded that he had "put in an application last week" for a phlebotomist position, because he had a phlebotomy background.

¶ 5     The hearing officer affirmed the deputy's determination and disallowed benefits. Locker appealed to the Industrial Claim Appeals Office (the Panel), which affirmed. The Panel noted that Locker's only argument was that he had been "searching for work in the fields that [were] close to" his pay grade, and that he was going to "start looking for work that is under my pay grade since I have certain work restrictions." The Panel determined that Locker had "made no argument explaining why the hearing officer erred."

## II.     Standard of Review

¶ 6     We are bound by the hearing officer's and the Panel's findings of fact that are supported by substantial evidence in the record. *Mesa Cnty. Pub. Libr. Dist. v. Indus. Claim Appeals Off.*, 2017 CO

78, ¶ 17, 396 P.3d 1114, 1118.  As relevant here, we may set aside a Panel's determination only if the findings of fact do not support the decision or the decision is erroneous as a matter of law.  *See* § 8-74-107(6)(c)-(d), C.R.S. 2025.

### III.  Analysis

¶ 7      Locker, representing himself on appeal, asserts that the Panel "did not look at his case in totality."  He notes that he wanted to continue working with his employer, but was unable to do so, and that he has "made strides in looking for work in other fields."  After reviewing the entire record, we conclude that the hearing officer and the Panel correctly applied the applicable statute and regulations.

¶ 8      A worker is eligible to receive unemployment compensation benefits only if the worker is able to work and is available for "all work deemed suitable pursuant to the provisions of section 8-73-108, [C.R.S. 2025]."  § 8-73-107(1)(c)(I).  Section 8-73-108(1)(a) provides that "each *eligible individual* who is unemployed through no fault of his own shall be entitled to receive a full award of benefits."  (Emphasis added.)  *See also McClaflin v. Indus. Claim Appeals Off.*, 126 P.3d 288, 290 (Colo. App. 2005)

(holding that a claimant failed to establish eligibility for benefits because she did not actively seek work).

¶ 9    Additionally, under the applicable regulations, a claimant must be "physically and mentally capable of performing the usual duties of his or her customary occupation or the usual duties of other suitable work for which he or she is reasonably qualified." Dep't of Lab. & Emp. Reg. 2.8.2, 7 Code Colo. Regs. 1101-2.  The burden of establishing the ability to work is on the claimant.  *Id.* Claimants shall be considered "available for work" only if they are ready and willing to accept suitable work without any restrictions, either self-imposed or created by other circumstances, that prevent accepting suitable work.  Dep't of Lab. & Emp. Reg. 2.8.3, 7 Code Colo. Regs. 1101-2.  A determination of a claimant's availability for work "must be made within the context of the factual situation presented by each case."  *Hoskins v. Indus. Claim Appeals Off.*, 2014 COA 47, ¶ 7, 327 P.3d 356, 357 (internal quotation omitted).

¶ 10    At the hearing, Locker tried to introduce an email from his employer in October 2024 that he was terminated because he was "not cleared for work."  The hearing officer told him to "keep that email for a job separation adjudication if needed, but it is not

4

needed for this limited hearing on eligibility," and "if you haven't already heard from the Division on the separation itself, then you may need to tell them that information."

¶ 11　The applicable statutory scheme makes a distinction between entitlement issues and eligibility issues. *Debalco Enter., Inc. v. Indus. Claim Appeals Off.*, 32 P.3d 621, 624 (Colo. App. 2001). Entitlement issues involve the reason for a claimant's separation from employment with a particular employer. *Id.* Eligibility issues involve other prerequisites to the receipt of unemployment compensation benefits and are governed by different statutory provisions, including whether a claimant is able to work and actively seeking employment. *Id.* Because entitlement and eligibility issues are different and are determined in separate proceedings, the issues should not be intermingled. *Id.*

¶ 12　Our review is limited to the decisions of the hearing officer and the Panel concerning whether Locker satisfied the "able and available" eligibility requirements of section 8-73-107. We discern no error in the determination that Locker was not able or available for work due to an ongoing medical condition. Both the hearing officer and the Panel acknowledged that Locker had applied for

5

work in a different field, but found "insufficient persuasive evidence" that Locker had "skills in other industries."

¶ 13　　The hearing officer and the Panel were required to apply the plain language of the statute and applicable regulations. *See Dep't of Revenue v. Agilent Techs., Inc.*, 2019 CO 41, ¶ 25, 441 P.3d 1012, 1018 (when a regulation's language is clear and unambiguous, it must be applied as written). Because we ultimately find that the Panel's affirmance of the hearing officer's decision is supported by substantial evidence and not erroneous, we must affirm the Panel's decision. (The record does not indicate whether Locker was subsequently not limited to light work and, therefore, might have been eligible for unemployment compensation benefits for a later period.)

## IV.　Disposition

¶ 14　　The Panel's order is affirmed.

CHIEF JUDGE ROMÁN and JUDGE GRAHAM concur.