2014 COA 47

David C. HOSKINS, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OF-FICE of the State of Colorado and Division of Unemployment Insurance Customer Service/Benefits, Respondents.

Court of Appeals No. 13CA2080

Colorado Court of Appeals,
Div. III.

Announced April 10, 2014

David C. Hoskins, Pro Se

No Appearance for Respondents

Opinion by CHIEF JUDGE LOEB

¶1 Petitioner, David C. Hoskins (claimant), appeals the Industrial Claim Appeals Office's (Panel) final order affirming a hearing officer's decision that he was ineligible to receive unemployment compensation benefits during a specified period. We affirm.

## I. Background

¶2 Claimant has worked as a licensed attorney since 1981. For approximately twenty-one years, claimant had his own firm, offering general legal services. In 2003, he began working as an associate attorney for another firm, representing debtors in Chapters Seven and Thirteen bankruptcy proceedings. He was laid off from that position in November 2012.

¶3 Claimant wanted to continue working in the bankruptcy field, but, because of the dearth of law firms hiring bankruptcy lawyers, claimant "knew that [he] was going to have to start [his] own firm." Although he contacted a few potential employers, claimant focused his efforts on building his own practice.

¶4 A deputy in the division of employment issued a decision finding that claimant was ineligible for benefits for the week ending December 1, 2012, and for the entire period from December 15, 2012, through July 13, 2013, because he failed to supply the required listing of job contacts.

¶5 Claimant appealed the deputy's decision. The hearing officer found that claimant had focused his "efforts on developing his own business." He further found that, although claimant had numerous meetings with individuals concerning his legal practice, only three of those contacts were with the "specific intention of obtaining employment," while the remainder were for business development for his own firm. Thus, the hearing officer concluded that claimant had not made a "reasonable and diligent effort to actively seek suitable work during the periods at issue." Accordingly, the hearing officer concluded that claimant was ineligible for unemployment compensation benefits and upheld the deputy's decision. The Panel affirmed on review.

## II. Analysis

¶6 On appeal, claimant contends that the hearing officer and the Panel erred by not finding that his efforts to establish his own legal practice fulfilled the requirement that he actively seek work. § 8–73–107(1)(g)(I), C.R.S.2013. Claimant argues that by disregarding his efforts to establish self-employment, the hearing officer and Panel have interpreted "seeking work" too narrowly. We are not persuaded.

### A. Governing Law

¶7 Under section 8–73–107(1)(c)(I), a claimant is eligible to receive unemployment compensation benefits for a particular week only if the claimant is able to work and is available for all work deemed suitable. An all-inclusive rule cannot be stated for determining a claimant's availability for work, but rather, such a determination " 'must be made within the context of the factual situation presented by each case.' " *Duenas–Rodriguez v. Indus. Comm'n,* 199 Colo. 95, 97, 606 P.2d 437, 438 (1980) (quoting *Couchman v. Indus. Comm'n,* 33 Colo.App. 116, 117, 515 P.2d 636, 637 (1973)).

¶8 In addition, a claimant must be "actively seeking work." § 8–73–107(1) (g)(I). In determining whether that requirement has been fulfilled, the division of employment shall consider whether "the claimant followed a course of action that was reasonably designed to result in his or her prompt reemployment in suitable work." § 8–73–107(1)(g)(I). The applicable regulations clarify that a claimant must make "a systematic and sustained effort" to find work. Dep't of Labor & Emp't Reg. 2.8.4, 7 Code Colo. Regs. 1101–2.

A *systematic and sustained effort* means a high level of job-search activity throughout the given week. Such activity should be commensurate with the number of employ-

ers or employment opportunities that exist in the labor market and that reasonably apply to the claimant as determined in accordance with 2.8.4.2. Such activity shall include An [*sic*] independent search for work that results in contacting people who have the authority to hire or following the hiring procedures required by a prospective employer, as well as referrals offered by organized public and private agencies, such as a state workforce center or a private placement office or hiring hall.

Dep't of Labor & Emp't Reg. 2.8.4.1, 7 Code Colo. Regs. 1101–2. To be considered actively seeking work, a claimant must contact a certain number of potential employers each week; the number of contacts necessary to satisfy the requirement is determined by the division. Dep't of Labor & Emp't Reg. 2.8.4.2, 7 Code Colo. Regs. 1101–2. A written record of these job contacts must be maintained and be "available for inspection by the division." Dep't of Labor & Emp't Reg. 2.8.4.3, 7 Code Colo. Regs. 1101–2.

¶ 9 Like availability to work, the sufficiency of a claimant's efforts to actively seek work "is incapable of precise definition and it is for the appropriate agency to make such a determination after considering all the facts and circumstances in each particular case." *Bayly Mfg. Co. v. Dep't of Emp't,* 155 Colo. 433, 443, 395 P.2d 216, 221 (1964). The claimant carries the burden of proving eligibility for unemployment benefits, including establishing that he or she was actively seeking work. *See Duenas–Rodriguez,* 199 Colo. at 97, 606 P.2d at 438; *McClaflin v. Indus. Claim Appeals Office,* 126 P.3d 288, 290 (Colo.App.2005) (claimant failed to demonstrate exemption from actively seeking work requirement).

¶ 10 It is the hearing officer's responsibility, as trier of fact, to weigh the evidence, assess credibility, resolve conflicts in the evidence, and determine the inferences to be drawn therefrom. *Goodwill Indus. of Colo. Springs v. Indus. Claim Appeals Office,* 862 P.2d 1042, 1046 (Colo.App.1993). Like the Panel, we may not, on review, reweigh the evidence presented or disturb the credibility determinations made by the hearing officer. *See* § 8–74–107(4), C.R.S.2013; *Tilley v. In-*

*dus. Claim Appeals Office,* 924 P.2d 1173, 1177 (Colo.App.1996). The hearing officer's findings are binding on review if there is substantial record evidence to support them. *See* § 8–74–107(4); *Pero v. Indus. Claim Appeals Office,* 46 P.3d 484, 486 (Colo.App. 2002).

### B. Application to Claimant's Claim

¶ 11 Claimant argues that the meaning of "seeking work" is ambiguous because, although the Colorado Employment Security Act (Act) defines "employment," it does not define "work." Under the Act, "service performed by an individual for another shall be deemed to be employment." § 8–70–115(1)(b), C.R.S.2013; *see also* section 8–70–103(11), C.R.S.2013 ("Employment" has the meaning set forth in sections 8–70–115 to – 125, C.R.S.2013). But, the Act specifically *excludes* from the definition of "employment ... services performed by ... sole proprietors." § 8–70–140.8, C.R.S.2013. Claimant contends that "employment" and "work" are not interchangeable terms. He argues that if the General Assembly intended the terms to have the same meaning, it would have so stated or would have so defined "work" in the Act. Its failure to do so, he argues, creates an ambiguity in the statute which can only be fairly addressed and reconciled if efforts to establish one's own business are included within the meaning of "seeking work." We disagree.

¶ 12 Initially, we find no authority in the Act or in any authority construing the Act— and claimant has not pointed to any—indicating the General Assembly intended to give "work" a broader meaning than "employment" in the context at issue here. To the contrary, the General Assembly appears to have used the terms interchangeably.

¶ 13 "In interpreting a statute, the court must attempt to discern the General Assembly's intent." *Samaritan Inst. v. Prince–Walker,* 883 P.2d 3, 6 (Colo.1994). The plain meaning of the statute's language, "if ascertainable, is dispositive" of the legislature's intent. *Id.* We review the Panel's interpretation of statutes de novo. *See Commc'ns Workers of Am. 7717 v. Indus. Claim Ap-*

*peals Office,* 2012 COA 148, ¶ 7, 292 P.3d 1127.

¶ 14 In our view, in the context at issue here, the terms "work" and "employment" are given the same meaning in the Act. If "employment" were substituted for "work" in section 8–73–107(1) (g)(I), the statute would have the same meaning. This suggests to us that, in the context at issue here, there is no distinction between the use of "work" and the use of "employment" in the Act. *See, e.g., Magin v. Div. of Emp't,* 899 P.2d 369, 371 (Colo.App.1995) (finding "no substantive difference between the terms 'wages' and 'earnings' ").

■ ¶ 15 As noted, the Act excludes those who are self-employed or sole proprietors from the definition of "employment." *See* § 8–70–140.8. Having found that the terms "work" and "employment" are used synonymously in this context in the Act, we conclude that the General Assembly did not intend to include efforts to create self-employment, such as establishing a law practice, within the meaning of "seeking work" under section 8–73–107(1)(g)(I).

¶ 16 Here, the Panel found "no distinction" between the Act's use of the terms "employment" and "work." For the reasons set forth above, we agree with this interpretation in this context and discern no reason to stray from it. *See, e.g., Heinicke v. Indus. Claim Appeals Office,* 197 P.3d 220, 222 (Colo.App. 2008) ("We ... give due deference to the interpretation of the statute adopted by the Panel as the agency charged with its enforcement, although we are not bound by that interpretation if it is inconsistent with the clear language of the statute or legislative intent.").

¶ 17 The hearing officer found, and the Panel agreed, that claimant's efforts to open his own law firm did not fulfill the statutory requirement to actively seek work. While claimant has established that he expended extensive energy and efforts advertising his practice, seeking professional referrals, creating an internet presence, and notifying his former clients of his availability, we cannot disregard the General Assembly's express exclusion of sole proprietors from the mean-

ing of employment under the Act. Given this exclusion and lack of distinction in the Act between "employment" and "work," we are not at liberty to read efforts to establish self-employment into the meaning of "seeking work." *See, e.g., Kraus v. Artcraft Sign Co.,* 710 P.2d 480, 482 (Colo.1985) ("We have uniformly held that a court should not read nonexistent provisions into the Colorado Work[ers'] Compensation Act."). In the absence of the General Assembly's express inclusion of self-employment efforts within the meaning of "seeking work," we decline to interpret "work" as broadly as claimant advocates. *See* § 8–73–107(1)(g)(I).

■ ¶ 18 Lastly, claimant asserts in the summary of his argument that, if "work" is read narrowly to exclude efforts to establish self-employment, the hearing officer's finding that "there are some job opportunities available" is not supported by the evidence. We reject this contention. Claimant himself testified that his efforts to establish his own practice constituted a "two-prong attack.... [because] there's always the possibility that something else will happen" or "pop up." Thus, claimant implicitly admitted that employment opportunities, however remote, existed in the legal profession. His failure to exert more of his efforts in seeking those positions was a violation of the regulatory mandate to make "a systematic and sustained effort to actively seek work" during every week for which benefits are sought. Dep't of Labor & Emp't Reg. 2.8.4, 7 Code Colo. Regs. 1101–2.

### III. Conclusion

¶ 19 Accordingly, we perceive no error in the Panel's conclusion that claimant was not actively seeking work. Based on the hearing officer's factual findings and the record before us, we, therefore, agree with the hearing officer and the Panel that claimant failed to establish that he was eligible to receive unemployment compensation benefits for the disallowed period. *See* §§ 8–73–107(1)(a), 8–74–107(6).

¶ 20 The Panel's order is affirmed.

JUDGE VOGT * and JUDGE ROY* concur.