25CA0255 Medrano v ICAO 05-22-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0255
Industrial Claim Appeals Office of the State of Colorado
DD No. 29095-2024

Alejandro Medrano,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado,

Respondent.

ORDER AFFIRMED

Division III
Opinion by JUDGE SCHOCK
Dunn and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 22, 2025

Alejandro Medrano, Pro Se

No Appearance for Respondent

¶ 1       Alejandro Medrano appeals the order of the Industrial Claim Appeals Office (Panel) affirming a hearing officer's denial of his claim for unemployment benefits. We affirm the Panel's order.

## I.     Background

¶ 2       Medrano worked as a mechanic for Axis Steel, Inc. (Axis) from 1991 until August 2024. He maintains that he was discharged from that employment, while Axis asserts that he resigned.

¶ 3       Medrano applied for unemployment benefits, and a deputy for the Division of Unemployment Insurance (the Division) determined that he was entitled to benefits, having been discharged from his employment for reasons that did not result in a disqualification. Axis appealed, and the matter was set for an evidentiary hearing.

¶ 4       Medrano did not appear for the hearing. Axis appeared and presented evidence that Medrano had not been fired but had resigned. The hearing officer found that Medrano had resigned for undisclosed personal reasons and, thus, was disqualified from receiving benefits under section 8-73-108(5)(e)(XXII), C.R.S. 2024.

¶ 5       Medrano requested a new hearing, asserting that he was unaware of the hearing and was out of state due to his brother's death. After Medrano failed to respond to a request for additional

information, the Panel denied his request for a new hearing, finding that he had failed to establish good cause for missing the hearing.

¶ 6     Medrano then appealed the hearing officer's disqualification decision to the Panel, and the Panel affirmed the decision. It concluded, based on the hearing officer's findings, that Medrano was not entitled to receive unemployment benefits because he had quit his employment for undisclosed personal reasons.

## II.     Standard of Review

¶ 7     We may set aside the Panel's denial of unemployment benefits only if (1) the Panel acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the factual findings do not support its decision; or (4) the decision is erroneous as a matter of law. § 8-74-107(6), C.R.S. 2024. We may not disturb factual findings if they are supported by substantial evidence. *Yotes v. Indus. Claim Appeals Off.*, 2013 COA 124, ¶ 10; *see also* § 8-74-107(4). Substantial evidence is "probative, credible, and competent, of a character which would warrant a reasonable belief in the existence of facts supporting a particular finding, without regard to the existence of contradictory testimony or contrary inferences." *Rathburn v. Indus. Comm'n*, 566 P.2d 372, 373 (Colo. App. 1977).

## III. Analysis

¶ 8 Medrano argues that (1) the hearing officer erred by proceeding with the hearing in his absence; (2) the denial of benefits was unlawful and based on false statements from Axis witnesses; (3) the Panel improperly refused to consider evidence Medrano submitted with his appeal of the hearing officer's decision; and (4) it was unfair to discontinue benefits after initially awarding them.

¶ 9 Because Medrano represents himself, we construe his brief liberally "to ensure that [he is] not denied review of important issues because of [his] inability to articulate [his] argument[s] like a lawyer." *Jones v. Williams*, 2019 CO 61, ¶ 5. But we may not act as Medrano's advocate or invent arguments on his behalf. *People v. Cali*, 2020 CO 20, ¶ 34; *Minshall v. Johnston*, 2018 COA 44, ¶ 21.

### A. Failure to Attend Hearing and Request for New Hearing

¶ 10 Because our review is limited to the final decision of the Panel, we may not review the hearing officer's decision to proceed with the hearing in Medrano's absence. § 8-74-107(2). To the extent Medrano's argument could be construed as a challenge to the Panel's denial of his request for a new hearing, we discern no error.

3

¶ 11     The Panel may grant a new hearing when the requesting party demonstrates good cause for failing to attend the original hearing. Dep't of Lab. & Emp. Reg. 11.2.13.2, 7 Code Colo. Regs. 1101-2.  In determining whether a claimant has shown good cause, the Panel may consider (1) whether the party acted as a reasonably prudent person would have under the circumstances; (2) whether there was administrative error by the Division; (3) whether the party exercised control over the action; (4) the duration of the failure to act; (5) whether any other party has been prejudiced; and (6) whether denying good cause would lead to a result that is inconsistent with the law.  Dep't of Lab. & Emp. Reg. 12.1.8, 7 Code Colo. Regs. 1101-2.  The Panel need not make findings on every relevant factor. *See* Dep't of Lab. & Emp. Reg. 12.1.8.8, 7 Code Colo. Regs. 1101-2.

¶ 12     The Panel concluded that there was no good cause for excusing Medrano's failure to attend the hearing because (1) no circumstance beyond Medrano's control prevented him from attending the hearing; (2) Medrano acted unreasonably by failing to monitor his mail and online unemployment account; and (3) no error of the Division contributed to Medrano's failure to appear.

¶ 13    The record supports the Panel's factual findings and reasonable inferences. Medrano's request said that Medrano was unaware of the hearing and was out of state due to the death of his brother. But when the Panel asked for more information, Medrano did not respond, leaving the Panel with "limited information."

¶ 14    That limited information included the inference that notice of the hearing was timely delivered to Medrano and posted to his online account. Yet, despite the advisement in the deputy's decision that an appeal could be filed within twenty days, Medrano apparently did not monitor his mail or account or otherwise take "reasonable steps" to stay apprised of the status of his claim during that timeframe. The Panel concluded that a reasonably prudent person would have done so. The Panel also found no administrative error by the Division that contributed to Medrano's failure to attend the hearing, and the record contains no evidence of any such error.

¶ 15    Thus, we conclude that the Panel did not err by finding that Medrano did not demonstrate good cause for failing to attend his hearing and, therefore, denying his request for a new hearing.[1]

## B.    Disqualification

¶ 16    Subject to limited exceptions not applicable in this case, section 8-73-108(5)(e)(XXII) disqualifies a claimant from receiving benefits if the claimant quit their job for personal reasons.  The reason for a claimant's separation from employment is a matter to be resolved by the hearing officer as fact finder.  *Eckart v. Indus. Claim Appeals Off.*, 775 P.2d 97, 99 (Colo. App. 1989).  In making this assessment, the hearing officer must consider all the evidence to determine what motivated the employee's separation.  *Id.*

¶ 17    The hearing officer found that Medrano resigned his position with Axis shortly after the company's president, Christopher Dial, confronted him regarding his unauthorized use of company

---

[1] Medrano cites *Mesa County Public Library v. Industrial Claim Appeals Office*, 2016 COA 96, for the proposition that claimants should not be disqualified from unemployment benefits when external factors prevent their participation.  But in *Mesa County*, the claimant appeared at the hearing, and the issue was whether she was at fault for the mental impairment that resulted in her termination.  *Mesa County*, ¶¶ 9, 25.  That case has no bearing on the consequences of Medrano's failure to attend the hearing.

equipment. The hearing officer noted that during the confrontation, Dial's daughter (who was not employed by Axis and had no authority to fire Medrano) "expressed a desire to fire [Medrano]," but that Dial told Medrano he would not do so. The hearing officer further found that, the next day, Medrano cleared out his office and told Dial "this would be the last time they would see each other."

¶ 18 Substantial evidence in the record supports these findings. Dial testified at the hearing that his daughter "always said that [Medrano] should be fired" but that Dial said he was not going to fire him. He further testified that he never fired Medrano, that his daughter had no authority to do so, and that when his daughter urged him to fire Medrano on the date of the confrontation, he told her to "shut up." And according to Dial, Medrano told him the next day, "[T]his is the last time I'll probably see you." Medrano's direct supervisor, Christopher Thome, similarly testified that Medrano returned his key and his fuel card the following Monday and that Thome "never terminated, discharged, [or] fired Medrano."

¶ 19 Medrano disputes this testimony. And although he did not appear at the hearing, his differing account of the confrontation preceding his separation was admitted as part of a questionnaire

response he sent to the Division. In that response, Medrano said Dial's daughter owned Axis, and when Dial told Medrano "they did not like you borrowing the equipment anymore," Dial's daughter urged him to "get to the point." According to Medrano, Dial then said, "We have to let you go, bring back the equipment."

¶ 20    It is the hearing officer's role, not ours, to weigh the evidence, assess the credibility of witnesses, and resolve any conflicts in the evidence. *Tilly v. Indus. Claim Appeals Off.*, 924 P.2d 1173, 1177 (Colo. App. 1996). Like the Panel, we may not reweigh the evidence or second guess the hearing officer's credibility determinations. *Hoskins v. Indus. Claim Appeals Off.*, 2014 COA 47, ¶ 10. Although a hearing officer may err as a matter of law by crediting testimony that is "overwhelmingly rebutted by hard, certain evidence directly [to the] contrary," this case does not present such a scenario. *Halliburton Serv. v. Miller*, 720 P.2d 571, 577-78 (Colo. 1986).

¶ 21    Moreover, the hearing officer's findings that Medrano resigned support the Panel's legal conclusion that Medrano was disqualified from receiving benefits under section 8-73-108(5)(e)(XXII) because he quit his employment for undisclosed personal reasons.

¶ 22 Thus, because the ALJ's factual findings are supported by substantial evidence and support the Panel's decision as a matter of law, we may not disturb that decision. *See Halliburton*, 720 P.2d at 577-78 (explaining that court may not disturb credibility findings absent legal error); *Hoskins*, ¶ 10 (noting that hearing officer's findings are binding if supported by substantial record evidence).

## C. Post-Hearing Evidence

¶ 23 Medrano next asserts that the Panel's refusal to review post-hearing evidence he submitted with his Panel appeal "resulted in a fundamentally unfair proceeding." But section 8-74-104(2), C.R.S. 2024, limits the Panel's review to "the evidence in the record previously submitted in the case." The Panel therefore did not err by failing to consider evidence Medrano submitted for the first time in his Panel appeal. Medrano does not develop any argument — for example, with legal citations or analysis — as to why the Panel's conformance with section 8-74-104(2) was fundamentally unfair. *See Gravina Siding & Windows Co. v. Gravina*, 2022 COA 50, ¶ 71 ("It is not this court's function to speculate as to what a party's argument might be.") (internal brackets and citation omitted).

## D.    Discontinuation of Benefits

¶ 24    Medrano also argues that it was unfair for the Panel to deny him benefits after the Division initially awarded him benefits.  But again, the Division correctly followed the statutory appeal process.

¶ 25    The first decision regarding the validity of a claim for unemployment benefits is made by a Division deputy.  § 8-74-102(1), C.R.S. 2024.  Any interested party who is dissatisfied with the deputy's decision — in this case, Axis — may then appeal that decision to a hearing officer, who makes an independent decision as to the claimant's eligibility for benefits.  § 8-74-103(1), (3), C.R.S. 2024.  Any interested party who is dissatisfied by the hearing officer's decision — in this case, Medrano — may then appeal that decision to the Panel, which may affirm, modify, reverse, or set aside the hearing officer's eligibility determination.  § 8-74-104(1).

¶ 26    In this case, the Division followed that procedure.  The deputy made an initial determination that Medrano was entitled to receive unemployment benefits.  But that determination remained subject to the appeal process, as the deputy's decision made clear.  Axis properly appealed, and the hearing officer reversed the deputy's decision; then, Medrano properly appealed, and the Panel affirmed

the hearing officer's decision. To the extent the reversal of the deputy's decision resulted in the discontinuation of benefits that Medrano had previously been awarded, that was simply a consequence of the appellate process, not any error or impropriety.

## IV. Disposition

¶ 27 The Panel's order is affirmed.

JUDGE DUNN and JUDGE BROWN concur.