25CA0328 Serna v ICAO 07-24-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0328
Industrial Claim Appeals Office of the State of Colorado
DD No. 20923-2024

Alexzandra Serna,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado,

Respondent.

ORDER AFFIRMED

Division IV
Opinion by JUDGE MEIRINK
Freyre and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 24, 2025

Alexzandra Serna, Pro Se

No appearance for Respondent

¶ 1     Alexzandra Serna appeals the denial of her application for unemployment compensation benefits.  We affirm.

## I.     Background

¶ 2     Serna worked for Denver Health and Hospital Authority (Denver Health) as a Lead Patient Access Specialist from August 2018 to May 2024, when she was terminated from her job.  A deputy for the Division of Unemployment Insurance initially awarded benefits after establishing that Serna was not at fault for her discharge, based on the information Serna provided.

¶ 3     Denver Health appealed the deputy's decision and requested a hearing.  After an evidentiary hearing, the hearing officer reversed the deputy's decision and disqualified Serna from benefits under section 8-73-108(5)(e)(VII), C.R.S. 2024 (violation of a company rule that resulted, or could have resulted, in serious damage to the employer's property or interests).  The Industrial Claim Appeals Office (the Panel) affirmed the hearing officer's decision.

## II.     Legal Principles and Standard of Review

¶ 4     Workers can receive unemployment benefits only if unemployed through no fault of their own.  *See Debalco Enters., Inc. v. Indus. Claim Appeals Off.*, 32 P.3d 621, 623 (Colo. App. 2001).

Determining whether a claimant is at fault for an employment separation requires a case-specific consideration of the totality of the circumstances. *Morris v. City & Cnty. of Denver*, 843 P.2d 76, 79 (Colo. App. 1992). As relevant here, we will uphold the Panel's decision unless the findings of fact do not support the decision or the decision is erroneous as a matter of law. § 8-74-107(6)(c)-(d), C.R.S. 2024; *see Mesa Cnty. Pub. Libr. Dist. v. Indus. Claim Appeals Off.*, 2017 CO 78, ¶ 17.

### III. Analysis

¶ 5    The hearing officer found that Denver Health fired Serna because she asked a coworker to send an email that Serna was back from lunch, when Serna was not actually back from lunch. Specifically, the hearing officer found that Serna was late coming back from lunch "due to unknown reasons," and was not persuaded by Serna's testimony alleging that she had been working throughout most of her lunch. Further, the hearing officer found that Serna "knew that she was not supposed to ask someone to report her back from lunch when she was still on lunch." Therefore, the hearing officer concluded that Serna was at fault for the job separation because she was "aware this conduct was

2

prohibited" and that her conduct "could have resulted in serious damage to the employer's property or interests in that the employer could have paid her for time she did not actually work." The Panel concluded that the hearing officer's findings were supported by the record.

¶ 6 On appeal, Serna asserts that she did not "intentionally steal time." She argues that her actions were consistent with a "practice of allowing coworkers to notify the supervisory team on behalf of others." She also contends that her termination was in retaliation for reporting "bullying and misconduct by management" to human resources. Additionally, she asserts violations of the Colorado Wage Act and other state and federal employment laws. Because Serna is proceeding without counsel, we liberally construe her filings while applying the same law and procedural rules applicable to a party represented by counsel. *See Gandy v. Williams*, 2019 COA 118, ¶ 8. Accordingly, we seek to effectuate the substance, rather than the form, of her briefing. *See People v. Cali*, 2020 CO 20, ¶ 34.

¶ 7 The hearing officer heard testimony from a Denver Health human resources representative that Serna was fired not for being late, but rather for asking a coworker to clock her back in early.

3

The representative acknowledged that sometimes employees asked others to send an email on their behalf, but only when the employee was present and could not log into the computer or had delayed access. When asked by the hearing officer what "actual misrepresentation" Serna committed that led to her discharge, the representative testified, "she had returned from lunch when she in fact had not."

¶ 8 Serna testified that she was (1) helping a patient's family member during her lunch break, so she was actually working during part of the break; (2) holding the company phone during lunch because there "was no management" on weekends; and (3) acting consistently with a practice to email other employees regarding lunch times. The hearing officer ultimately found her testimony was not credible.

¶ 9 Although Serna presented evidence that could support other inferences, it is the hearing officer's responsibility, as trier of fact, to "weigh the evidence, assess credibility, resolve conflicts in the evidence, and determine the inferences to be drawn therefrom." *Hoskins v. Indus. Claim Appeals Off.*, 2014 COA 47, ¶ 10. The hearing officer resolved the conflicting evidence in the employer's

favor.  *See Tilley v. Indus. Claim Appeals Off.*, 924 P.2d 1173, 1177 (Colo. App. 1996).

¶ 10    Even if we accept Serna's argument that she did not intend to "steal time," we note that "fault" in the unemployment context is not necessarily related to culpability, but requires only a volitional act or the exercise of some control or choice in the circumstances leading to the separation from employment.  *See Richards v. Winter Park Recreational Ass'n*, 919 P.2d 933, 934 (Colo. App. 1996). The hearing officer and the Panel ultimately found that Serna had control over the circumstances leading to her termination and therefore was disqualified from receiving unemployment benefits.

¶ 11    Our review of the record supports that finding.  The record includes a policy entitled "standards of behavior" that evidences Serna's signature acknowledging receipt.  The policy provides that, "prior to leaving for your break or lunch you will send an email to your leadership of your department," and that "when returning from your break or lunch you will send an email to your leadership of your department."  It was uncontroverted that Serna sent an email to a coworker, and not to management.  And the employer's representative testified that "we [expect] that our leaders are going

to be truthful, indicating to management when something is awry with their day, if they're going to be late in any capacity." The representative testified that Serna was a leader in that department, and "it's the act of bringing somebody else into the situation of asking them to back her from lunch when she was not in fact returned from lunch" that ultimately led to her termination.

¶ 12    As far as we can discern, Serna's allegations regarding alleged retaliation and bullying are apparently based on evidence she submitted of emails to and from her supervisors regarding time off requests. While we interpret pro se pleadings liberally, *Minshall v. Johnston*, 2018 COA 44, ¶ 21, we do not consider underdeveloped arguments. *Antolovich v. Brown Grp. Retail, Inc.*, 183 P.3d 582, 604 (Colo. App. 2007). At any rate, Serna raised the same issue before the Panel, which presumed "that the hearing officer considered the claimant's testimony and documentation in reaching her decision." We discern no error. *See Colorado Real Estate Comm'n v. Bartlett*, 272 P.3d 1099, 1104 (Colo. App. 2011) ("Unless there is affirmative evidence to the contrary, we will presume that an agency has duly considered all the evidence before it." (quoting *Cent. Platte Nat. Res. Dist. v. Wyoming*, 245 Neb. 439, 513 N. W. 2d 847, 861-62 (1994))).

6

¶ 13 After considering Serna's arguments on appeal and reviewing the entire record, we cannot say that the hearing officer or the Panel erred as a matter of law in concluding that Serna had control over the circumstances leading to her termination and therefore was disqualified from receiving unemployment compensation benefits.

## IV. Disposition

¶ 14 The Panel's order is affirmed.

JUDGE FREYRE and JUDGE GOMEZ concur.