25CA1309 Payne v ICAO 09-18-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1309
Industrial Claim Appeals Office of the State of Colorado
DD No. 3960-2025

Austin Payne,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado,

Respondent.

ORDER AFFIRMED

Division V
Opinion by JUDGE YUN
Freyre and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 18, 2025

Austin Payne, Pro Se

No Appearance for Respondent

¶ 1　In this unemployment benefits case, the claimant, Austin Payne, seeks review of a final order of the Industrial Claim Appeals Office (Panel). The Panel affirmed the hearing officer's decision disqualifying Payne from receiving benefits based on his job separation from Great Wolf Resorts. We affirm.

## I.　Background

¶ 2　Payne worked as a public area attendant at Great Wolf Resorts for more than three years until his employment was terminated. Thereafter, a deputy for the Division of Unemployment Insurance (Division) approved Payne's application for unemployment benefits.

¶ 3　Great Wolf Resorts appealed the deputy's decision to the Division, which then held an evidentiary hearing to determine the reason for Payne's discharge and whether it disqualified him from receiving benefits under the Colorado Employment Security Act. The hearing officer found that Great Wolf Resorts discharged Payne because he "used profanity during a counseling session with his supervisor." The officer further concluded that Payne was at fault for his termination and was disqualified from receiving benefits under section 8-73-108(5)(e)(XIV), C.R.S. 2025. The Panel affirmed the hearing officer's factual findings and legal conclusions.

¶ 4    Payne now appeals.

## II.    Discussion

¶ 5    Payne contends that Great Wolf Resorts did not prove that he cursed or acted aggressively during the meeting with his supervisor. Thus, he argues that the hearing officer and the Panel erred in evaluating the evidence and making their factual findings. We disagree.

### A.    Standard of Review

¶ 6    We may set aside the Panel's decision only if (1) the Panel acted without or in excess of its authority; (2) the decision was procured by fraud; (3) the factual findings do not support the decision; or (4) the decision is erroneous as a matter of law. § 8-74-107(6), C.R.S. 2025.

¶ 7    As the trier of fact, the hearing officer is responsible for weighing the evidence, assessing credibility, resolving conflicts in the evidence, and determining the inferences to be drawn from the evidence. *Hoskins v. Indus. Claim Appeals Off.*, 2014 COA 47, ¶ 10. Like the Panel, we may not, on review, reweigh the evidence or disturb the hearing officer's credibility determinations. *Id.* Thus, we are bound by the hearing officer's findings of fact if they are

supported by substantial evidence in the record.  § 8-74-107(4); *Mesa Cnty. Pub. Libr. Dist. v. Indus. Claim Appeals Off.*, 2017 CO 78, ¶ 17.  However, we review de novo ultimate conclusions of fact and ultimate legal conclusions.  *Simon v. Indus. Claim Appeals Off.*, 2023 COA 74, ¶ 19.

### B.     Applicable Law

¶ 8     A claimant's eligibility for unemployment benefits depends on the reason for the separation from employment.  *Id.* at ¶ 20.  In making this determination, "the trier of fact must evaluate the totality of the evidence and determine the motivating factors in the employee's separation and then determine whether, based upon those factors, [the] claimant is entitled to, or disqualified from, the receipt of benefits."  *Eckart v. Indus. Claim Appeals Off.*, 775 P.2d 97, 99 (Colo. App. 1989).

¶ 9     An individual is disqualified from receiving unemployment benefits if, as relevant here, the separation from employment occurred based on the "[r]udeness, insolence, or offensive behavior of the worker not reasonably to be countenanced by a customer, supervisor, or fellow worker."  § 8-73-108(5)(e)(XIV).  In determining whether this subsection applies, the hearing officer and Panel must

3

apply an objective standard by considering "whether a reasonable person in the position of the fellow worker and others would have found [the] claimant's action to be so rude, insolent, or offensive as not to be countenanced." *Davis v. Indus. Claim Appeals Off.*, 903 P.2d 1243, 1245 (Colo. App. 1995).

¶ 10    A worker, like Payne, can receive benefits only if he is unemployed through no fault of his own. § 8-73-108(1)(a); *see Bara v. Indus. Claim Appeals Off.*, 2023 COA 19, ¶ 11. For purposes of the unemployment statutes, fault does not require culpability; rather, it requires "some volitional act" or that the employee "exercised some control over the circumstances resulting in the discharge from employment." *Cath. Health Initiatives Colo. v. Indus. Claim Appeals Off.*, 2021 COA 48, ¶ 13 (quoting *Gonzales v. Indus. Comm'n*, 740 P.2d 999, 1003 (Colo. 1987)). Whether a claimant is at fault for termination from employment must be determined "on a case-by-case basis, with due consideration given to the totality of the circumstances in each particular situation." *Morris v. City & County of Denver*, 843 P.2d 76, 79 (Colo. App. 1992).

## C.    Analysis

¶ 11    The hearing officer found that Payne was called into a counseling session with his supervisor after throwing trash bags near, but not into, the trash compactor.  The officer found that Payne was frustrated and "used the f-word multiple times," and that such behavior was rude, insolent, and offensive.  Further, the officer found that "no persuasive evidence was offered to determine the claimant did not exercise choice or control" over his actions.  And the officer found that based on the totality of the circumstances, a similarly situated reasonable customer, supervisor, or fellow worker would find the behavior to be rude, insolent, or offensive and that the behavior should not have been excused or tolerated.

¶ 12    The record contains substantial evidence supporting the hearing officer's findings.  Payne's supervisor testified that she met with him to discuss corrective action after he was seen throwing trash near the dumpster instead of placing it in the trash compactor.  She testified that during the meeting, Payne was "aggressive" and repetitively used inappropriate language, including the word "fucking."  She estimated that such language was used

four times during their conversation. And she clarified that Great Wolf Resorts discharged Payne for his inappropriate behavior and use of profanity during their meeting, not for his failure to put the trash in the compactor.

¶ 13 Payne argues that the hearing officer erred by finding that he had used profanity during the meeting because he testified that he did not remember using such language. Indeed, Payne testified that he "argue[d] a little bit" and remembered "being really frustrated" but did not recall what he said during the meeting with his supervisor. But it was within the hearing officer's discretion, as the fact finder, to assess the witnesses' credibility and weigh Payne's testimony against that of his supervisor. *See Hoskins*, ¶ 10. And we may not reweigh that evidence on appeal. *Id.* Accordingly, because the hearing officer's finding that Payne used profanity during the meeting is supported by the record, we are bound by it. *Id.*; § 8-74-107(4).

¶ 14 Payne also argues that the hearing officer erred by finding that his behavior caused his termination because Great Wolf Resorts did not prove that he could have placed the trash in the compactor; Payne claims it was full at the time he threw the trash. However,

the hearing officer specifically found that Payne was discharged "because he used profanity" during the meeting with his supervisor — behavior deemed "rude, insolent, or offensive behavior" under section 8-73-108(5)(e)(XIV). Thus, whether the trash compactor was full at the time Payne threw the trash bags had no bearing on whether he was disqualified from receiving unemployment benefits under section 8-73-108(5)(e)(XIV).

¶ 15 Based on the foregoing, we discern no basis to set aside the determination that Payne was at fault for his job termination and disqualified from benefits under section 8-73-108(5)(e)(XIV). *See* § 8-74-107(6).

### III. Disposition

¶ 16 We affirm the Panel's order.

JUDGE FREYRE and JUDGE PAWAR concur.