25CA1302 Regalado v ICAO 10-02-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1302
Industrial Claim Appeals Office of the State of Colorado
DD No. 3012-2025

Jessie Regalado,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado,

Respondent.

ORDER AFFIRMED

Division I
Opinion by JUDGE GROVE
J. Jones and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 2, 2025

Jessie Regalado, Pro Se

No Appearance for Respondent

¶ 1 In this unemployment benefits case, claimant, Jessie Regalado, seeks review of a final order of the Industrial Claim Appeals Office (Panel). The Panel affirmed the hearing officer's decision disqualifying Regalado from receiving benefits based on his job separation from Ash Group, LLC (Ash Group). We affirm.

## I. Background

¶ 2 Regalado worked as a marketing analyst at Ash Group from March 2023 until September 2024. During that time, Ash Group contracted Regalado to work for one of its clients, Xcel Energy (Xcel). Regalado's initial contract with Xcel was for seven months. Approximately a week before the contract's expiration, Xcel notified Ash Group that it would renew Regalado's contract for another year, making the new expiration date September 24, 2024.

¶ 3 Approximately two months before the new expiration date, Regalado asked his Xcel supervisor if his contract would be renewed again. The supervisor told Regalado that she had requested a contract renewal but did not know if the request would be approved. Around the same time, Regalado started looking for other jobs.

¶ 4 On September 3 or 4, 2024, Regalado accepted a new job and submitted his resignation notice to Ash Group. About a week later, Xcel renewed Regalado's contract. Although Regalado learned that his Xcel contract had been renewed, he still chose to leave Ash Group.

¶ 5 Regalado then applied for unemployment benefits, but a deputy for the Division of Unemployment Insurance (Division) denied his application. Regalado appealed the deputy's decision, and a Division hearing officer held an evidentiary hearing to determine why Regalado had been discharged and whether that reason disqualified him from receiving benefits under the Colorado Employment Security Act.

¶ 6 After considering the evidence, the hearing officer found that Regalado voluntarily quit his job at Ash Group after accepting a new job. Consequently, the hearing officer concluded that Regalado was disqualified from receiving benefits under section 8-73-108(5)(e)(V), C.R.S. 2025 (quitting to seek other work or accept other employment). The Panel affirmed the hearing officer's factual findings and legal conclusions.

## II. Discussion

¶ 7 Regalado contends that he did not quit his job at Ash Group to seek or accept other employment. Instead, he claims that he quit because he reasonably believed that his termination from Ash Group was imminent — a circumstance that he claims "align[ed] more closely with [section] 8-73-108(4), C.R.S. than with a disqualifying voluntary job switch under [section] 8-73-108(5)(e)(V)."[1] Accordingly, he asserts that the hearing officer and the Panel erroneously assessed the evidence and applied the law. We are not persuaded.

### A. Standard of Review

¶ 8 We may only set aside the Panel's decision if (1) the Panel acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the factual findings do not support the decision; or (4) the decision is erroneous as a matter of law. § 8-74-107(6), C.R.S. 2025.

---

[1] Regalado cites section 8-73-108(4), C.R.S. 2025, in his brief, but he fails to identify any specific subsection that would support his claim to benefits, and we perceive none. We therefore focus our analysis on the Panel's application of section 8-73-108(5)(e)(V), C.R.S. 2025.

¶ 9     As trier of fact, it is the hearing officer's responsibility to weigh the evidence, assess credibility, resolve conflicts in the evidence, and determine the inferences to be drawn therefrom. *Hoskins v. Indus. Claim Appeals Off.*, 2014 COA 47, ¶ 10. Like the Panel, we may not reweigh the evidence presented or disturb the credibility determinations made by the hearing officer. *Id.* We are bound by the hearing officer's findings of fact if they are supported by substantial evidence in the record. § 8-74-107(4); *Mesa Cnty. Pub. Libr. Dist. v. Indus. Claim Appeals Off.*, 2017 CO 78, ¶ 17. However, we review de novo ultimate conclusions of fact and ultimate legal conclusions. *Simon v. Indus. Claim Appeals Off.*, 2023 COA 74, ¶ 19.

## B.     Applicable Law

¶ 10    A claimant's entitlement to benefits is determined by the reason for his separation from employment. *Id.* at ¶ 20. To ascertain the reason for separation, "the trier of fact must evaluate the totality of the evidence and determine the motivating factors in the employee's separation and then determine whether, based upon those factors, [the] claimant is entitled to, or disqualified from, the

receipt of benefits." *Eckart v. Indus. Claim Appeals Off.*, 775 P.2d 97, 99 (Colo. App. 1989).

¶ 11   A worker can receive benefits only if he is unemployed through no fault of his own.  § 8-73-108(1)(a); *see Bara v. Indus. Claim Appeals Off.*, 2023 COA 19, ¶ 11.  For purposes of the unemployment statutes, fault does not require culpability; rather, it requires "some volitional act" by the employee or that he "exercised some control over the circumstances resulting in the discharge from employment."  *Cath. Health Initiatives Colo. v. Indus. Claim Appeals Off.*, 2021 COA 48, ¶ 13 (quoting *Gonzales v. Indus. Comm'n*, 740 P.2d 999, 1003 (Colo. 1987)).  Whether a claimant is at fault for a separation from employment must be determined "on a case-by-case basis, with due consideration given to the totality of the circumstances in each particular situation."  *Morris v. City & County of Denver*, 843 P.2d 76, 79 (Colo. App. 1992).

¶ 12   As relevant here, an individual is at fault for a separation from employment, and thus disqualified from receiving unemployment benefits, if the separation occurred based on "[q]uitting to seek other work[] or quitting to accept other employment."  § 8-73-108(5)(e)(V).  However, an employee is not at fault for a separation if

5

he quit based on a reasonable belief that termination was imminent. *Goddard v. E G & G Rocky Flats, Inc.*, 888 P.2d 369, 371 (Colo. App. 1994). In such instances, the employee's choice is not considered voluntary, and the employee is entitled to unemployment benefits. *Id.*

## C. Analysis

¶ 13 The hearing officer found that, in early September 2024, Regalado submitted his resignation to Ash Group after accepting a new job that offered double the pay and better benefits than his job at Ash Group. The officer found that even after Regalado learned that his contract at Ash Group had been renewed for another year, he still took the new job because of "the lack of stability with the [Ash Group] job and the increase in pay and benefits."

¶ 14 Moreover, the hearing officer found that at the time Regalado resigned, he did not have any information indicating that his contract would not be renewed. The officer noted that Regalado's Xcel supervisor had requested a second renewal, that the contract had been renewed once before, and that the prior renewal happened shortly before the contract's expiration, which was similar to the timing of the second renewal. Based on those findings, the officer

concluded that Regalado did not have an objectively reasonable belief that his termination was imminent. Accordingly, the officer concluded that Regalado's resignation was voluntary and that he was disqualified from receiving benefits under section 8-73-108(5)(e)(V).

¶ 15 The record contains substantial evidence supporting the hearing officer's findings. Regalado testified that he started looking for another job because he was uncertain if his contract with Xcel would be renewed. He said he then accepted a new job before his contract's expiration date. He testified that after he gave his resignation notice to Ash Group, he found out that his contract had been renewed. At that point, he "weigh[ed]" the two jobs but chose to leave Ash Group because he would be make more money at the new job and "wanted to ensure stable income." When asked about the specific reason he left Ash Group, Regalado said, "Due to the lack of renewal notice, I quit from accepting another job offer."

¶ 16 Ash Group's director of operations testified that the contract renewal process with Xcel is complicated and "can take a while." She said that Xcel had not approved Ash Group's prior request to renew Regalado's contract until the week the contract was set to

7

expire. She also testified that when Regalado gave his resignation notice, the second contract renewal request was pending with Xcel, and Ash Group did not know if it was going to be approved. And she said that when Regalado resigned, he told her it was because he found another job.

¶ 17    Regalado argues that the hearing officer erred by focusing on the fact that he accepted a new job instead of focusing on the reason he felt forced to look for a new job in the first place. He asserts that he only started looking for a new job because he had no assurance that his contract would be renewed in the month leading up to the contract's expiration date, and thus, he reasonably believed that his termination was imminent. Based on that assertion, he argues that he was entitled to unemployment benefits because he was not at fault for the separation.

¶ 18    However, whether an employee reasonably believed that termination was imminent is a factual question that involves weighing the evidence, which is within the hearing officer's discretion. *See, e.g., Goddard*, 888 P.2d at 371-72 (analyzing whether the facts of the case showed that the claimant had a reasonable belief that termination was imminent); *see also Hoskins*,

¶ 10 (it is the hearing officer's responsibility to weigh the evidence and determine the inferences to be drawn therefrom). To that end, the hearing officer expressly "considered that the claimant was concerned that his contract had not been renewed." Nonetheless, as noted above, the hearing officer found that Regalado's belief that termination was imminent was not objectively reasonable because the evidence showed that nobody told Regalado that his contract would not be renewed and that Regalado's prior contract renewal occurred only a week before it was set to expire. Because the hearing officer's finding was based on a reasonable inference drawn from the evidence, we are bound by it. *See Hoskins*, ¶ 10 (we cannot reweigh the evidence); *see also Yotes, Inc. v. Indus. Claim Appeals Off.*, 2013 COA 124, ¶ 10 ("We do not disturb findings of a hearing officer that are supported by substantial evidence or reasonable inferences drawn from that evidence.").

¶ 19 Based on the foregoing, we discern no basis to set aside the determination that Regalado was at fault for his job termination and disqualified from benefits under section 8-73-108(5)(e)(V). *See* § 8-74-107(6).

## III.   Disposition

¶ 20    We affirm the Panel's order.

JUDGE J. JONES and JUDGE SCHUTZ concur.